Oldham,. J. delivered the opinion of the court. The defendant was indicted and put upon his trial in the circuit court of Pulaski county, and the jury regularly returned a verdict of not guilty, and judgment' was rendered in his favor. During, the progress of the trial, several exceptions were taken oiúthe part of the State, and now for the purpose of reversing the judgment* she has.brought the case into this court by writ of error. The. defendant has interposed his motion to dismiss the suit. It is a general rule that a writ of error may issue to any final judgment of the circuit courts, but this rule must be restricted in. its application to those cases in which this court has the power to-do justice between the parties, by correcting the errors appearing-, upon the record. Over this case the court has no such power. If the State was injured by the judgment of the circuit court, we cannot repair the injury by depriving the defendant of the advantages thereby acquired by him, or by a reversal of the judgment again subject him to another trial. The constitution has thrown over him her protective mantle, and shields him from all future, prosecution for the offence with which he stood charged. When the jury returned their verdict in his favor he was finally and forever discharged; he was released from custody, and the control of the court, and cannot be brought into this court to show cause against the reversal of the judgment in his favor. The verdict of the jury was a final and conclusive determination of the controversy. By reversing the judgment we can neither repair the injury alleged to have been inflicted upon the State,- nor deprive the defendant of the advantages and benefit of the verdict. In truth,, the questions sought to be raised in this casé- are- mere abstract questions, without any cause legally existing upon which the de--cisión of this court could have effect. We are riot inclined to determine questions so presented. The object of this court is to determine cases legally existing and properly brought before it; to do justice between the parties by affirming the-judgment, if there be no error apparent upon the record, or if error exists, by reversing the judgment and granting the injured party such redress as the circumstances require and the law will allow. When a person, is once tried and acquitted by- a jury, -upon a criminal charge, the finding- of the jury and the judgment of the court thereon, is a determination of the prosecution forever, and' such judgment and finding should be suffered to remain unimpeach-ed and in'full force as evidence of such acquittal, and for the protection of the party against any future prosecution for the same-offence. For these reasons let the case be dismissed.